Halle Jones, Esq., SBN 212747
SPIEGEL & UTRERA, P.C.
1840 Coral Way
Miami, FL 33145
Phone: (305) 854-6000
Facsimile: (305) 854-6000
attorneyjones@amerilawyer.com

Attorneys for Defendant
Domus Design Group, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DDG RESOURCES, LLC, d/b/a Domus Design Group, a Nevada limited liability company,<br><br>Plaintiff,<br><br>-against-<br><br>DOMUS DESIGN GROUP, LLC, a California limited liability company,<br><br>Defendant. | Case No.: CV-05835 JSW<br><br>ANSWER<br><br>Demand for Jury Trial<br><br>Complaint Filed: November 16, 2007 |

Defendant, Domus Design Group, LLC ("Domus") by and through its undersigned counsel, answers the Complaint by Plaintiff DDG Resources, LLC without waiving any jurisdictional defenses as follows:

1. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 1, and therefore denies the same.

2. Admitted.

3. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 3, and therefore denies the same.

4. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 4, and therefore denies the same.

5. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 5, and therefore denies the same.

6. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 6, and therefore denies the same.

7. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 7, and therefore denies the same.

8. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 8, and therefore denies the same.

9. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 9, and therefore denies the same.

10. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 10, and therefore denies the same.

11. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 11, and therefore denies the same.

12. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 12, and therefore denies the same.

13. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 13, and therefore denies the same.

14. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 14, and therefore denies the same.

15. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 15, and therefore denies the same.

16. Admitted.

17. It is admitted that the Defendant's website is www.Domusdesigngroup.com. All other allegations of Paragraph 17 are denied.

18. It is admitted that the Defendant was registered as a limited liability company with the California Secretary of State in 2005 and it is admitted that the Defendant used its website in 2007; all other allegations in paragraph 18 are denied.

19. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 19, and therefore denies the same.

20. It is admitted that Domus Design Group, LLC, is not trademarked.

21. Denied.

22. Denied.

23. Denied.

24. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 24, and therefore denies the same.

25. Denied.

26. Denied.

27. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 27, and therefore denies the same.

28. Denied.

29. Denied.

30. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 30, and therefore denies the same.

31. Denied.

32. Denied.

33. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 33, and therefore denies the same.

34. Denied.

35. Denied.

36. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 36, and therefore denies the same.

37. Denied.

38. Denied.

39. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 39, and therefore denies the same.

40. Denied.

41. Denied.

42. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 42, and therefore denies the same.

43. Denied.

44. Denied.

45. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 45, and therefore denies the same.

46. Denied.

47. Denied.

48. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 48, and therefore denies the same.

49. Denied.

50. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

51. The Complaint fails to state a claim upon which relief can be granted

### SECOND AFFIRMATIVE DEFENSE

(Inequitable Conduct; Unclean Hands)

52. Plaintiff's claims are barred because Plaintiff has acted inequitably and with unclean hands, and thus is not entitled to relief from tits Court

### THIRD AFFIRMATIVE DEFENSE

(Non-Infringement)

53. The claims for infringement are barred because Domus did not, and does not, infringe upon any property rights of Plaintiff

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

54. All damages, if any, sustained by Plaintiff, were the direct and proximate cause of its failure to mitigate its damages

### FIFTH AFFIRMATIVE DEFENSE

(No Secondary Meaning)

55. Plaintiff is unable to establish secondary meaning in its alleged trademarks

## SIXTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

56. The prayer for injunctive relief in the Complaint is improper because Plaintiff has an adequate remedy at law

## SEVENTH AFFIRMATIVE DEFENSE

(No Grounds for Injunctive Relief)

57. No actual competition between Plaintiff's and Domus' products exists, therefore alleged immediate irreparable damage is not so probable as to entitle plaintiff to injunctive relief

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

58. Domus alleges that all claims of Plaintiff are barred by the doctrines of estoppel and/or waiver

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

59. The purported claims for relief in the Complaint are barred by the doctrine of unclean hands

## TENTH AFFIRMATIVE DEFENSE

(Laches)

60. The Complaint is barred, in whole or in part, by the doctrine of laches

## ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Proximate Cause)

61. The Complaint fails, in whole or in part, because any and all damages allegedly suffered by Plaintiff were proximately caused by the supervening or intervening acts or omissions of Plaintiff or persons or entities other than DOMUS

### TWELFTH AFFIRMATIVE DEFENSE

(Setoff)

62. The Complaint fails, in whole or in part, because any and all damages allegedly suffered by Plaintiff are setoff by amounts due and owing from Plaintiff to DOMUS

### THIRTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

63. The Complaint fails, in whole or in part, due to Plaintiff's failure to mitigate damages

### FOURTEENTH AFFIRMATIVE DEFENSE

(Acquiescence)

64. Plaintiff acquiesced in each and every alleged act and omission of DOMUS as set forth in the Complaint

### FIFTEENTH AFFIRMATIVE DEFENSE

(Justification and Privilege)

65. Plaintiff is barred from recovering on the allegations of the Complaint, in whole or in part, because Domus' conduct was justified or privileged

### SIXTEENTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

66. Plaintiff is barred from injunctive relief or equitable relief on the allegations of the Complaint because Plaintiff has an adequate remedy at law

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

67. Plaintiff is not entitled to recover the alleged damages, if any, because they are uncertain, contingent and speculative

EIGHTEENTH AFFIRMATIVE DEFENSE

(Innocent Infringement)

68. The Complaint fails because all of acts alleged by Plaintiff were performed, if they were performed at all, with lack of knowledge, lack of willful intent and without malice or ill-will

NINETEENTH AFFIRMATIVE DEFENSE

(Good Faith)

69. Domus alleges that at all times material hereto it acted with the utmost good faith as defined at common law and by statute

TWENTIETH FFIRMATIVE DEFENSE

(No Likelihood of Confusion)

70. Domus alleges that Plaintiff is precluded from recovery since Domus' use of its mark is not likely to cause confusion, mistake, or deception as to affiliation, connection, association, source, or otherwise2

TWENTY-FIRST AFFIRMATIVE DEFENSE

(No Waiver)

71. Defendant reserves the right to amend this Answer to assert an affirmative defense of fraudulent trademark registration which may be revealed through discovery.

**COUNTERCLAIM**

(Cancellation of Registration Pursuant to 15 U.S.C. § 1064)

As its counterclaim against Plaintiff, Domus alleges that:

72. Domus belongs to a group of companies operating in several European countries, including Russia (the "World Wide Group").

73. Domus has showrooms in St. Petersburg, Russia, Moscow, Russia, Gummersbach, Germany, and Herrieden, Germany.

74. The World wide Group has been in operation since at least 1991.

75. The World Wide Group has over 150 full-time employees and independent contractors world wide.

76. The business of Domus Design Group, LLC, in the United States includes cabinet manufacturing and product representation, mainly for multi-family residential projects.

77. Domus has expended considerable time and money in the establishment of its business reputation in its common law trademark.

78. Plaintiff did not have exclusive use of its mark at or since the date of its application for registration.

79. Domus will be damaged by the Plaintiff's registration since the Plaintiff's use of the name would cause confusion *vis a vis* Domus' common law trademark

WHEREFORE, defendant respectfully requests that:

    (a) Plaintiff take nothing;

    (b) Plaintiff's registered trademark be cancelled;

    (c) Defendant be awarded its costs to defend against tits action, together with reasonable attorney fees; and

    (d) The Court grant to defendant such other relief as may be just.

Dated: January 15, 2008

                                                    Respectfully Submitted,

                                                    SPIEGEL & UTRERA, P.A.
                                                    1840 Coral Way, 4th Floor
                                                    Miami, FL 33145
                                                    Telephone: (305) 854-6000
                                                    Facsimile: (305) 857-3700

                                                              /S/
                                                  _____
                                                  Halle Jones, Esq.

## **DEMAND FOR JURY TRIAL**

    Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Defendant Domus Design Group, LLC, respectfully requests trial by jury.

Dated: January 15, 2008                        SPIEGEL & UTRERA, PA

                                                          /S/

                                          _____
                                          by Halle Jones
                                          SPIEGEL & UTRERA, PA
                                          *Attorneys for Defendant*

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: January 15, 2008                                   SPIEGEL & UTRERA, PA


                                                                         /S/
                                                          _____
                                                          by Halle Jones
                                                          SPIEGEL & UTRERA, PA
                                                          *Attorneys for Defendant*