LVOVICH & VOLCHEGURSKY, LLP
MILLA L. LVOVICH (SBN 225589)
ALEXANDER VOLCHEGURSKY (SBN 209172)
20 California Street, 7th Floor
San Francisco, CA 94112
Telephone No.: 415-277-2560
Facsimile No.: 415-616-7000

Attorneys for Plaintiff,
DDG RESOURCES, LLC, d/b/a
DOMUS DESIGN GROUP

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DDG RESOURCES, LLC, d/b/a DOMUS DESIGN GROUP, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DOMUS DESIGN GROUP, LLC, a California limited liability company,<br><br>Defendants. | Case No.: 3:07-CV-05835 JSW<br><br>**OBJECTION AND REPLY TO COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |
| AND RELATED COUNTERCLAIM | |

DDG Resources Group, LLC d/b/a Domus Design Group ("Domus Design" or "Counter-Defendant"), by and through its undersigned counsel, replies to what it believes is an attempt to state a Counterclaim by Domus Design Group, LLC ("Defendant" or "Counterclaimant") as follows:

**OBJECTION TO COUNTERCLAIM**

For the reasons set forth below Domus Design objects to Defendant's attempt to state its Counterclaim in the document entitled "Answer" filed with this Court by Defendant on January 15, 2007 (hereinafter "Answer") in response to Domus Design's Complaint, filed on November 16, 2007. Defendant's Answer is comprised of 12 pages and contains 79 enumerated paragraphs. The

1
Reply to Counterclaim

footer of each of the twelve pages of the Answer reads as follows: "Answer – Case No.: CV-05835 JSW". On page 8, line 25, under paragraph 71, there is an underlined centered heading, which reads: "Counterclaim." Line 26 of page 8 of the Answer reads "Cancellation of Registration Pursuant to U.S.C. 1064". Following that, in paragraphs numbered 72 through 79, Defendant states allegations, pursuant to which it prays for relief, such as cancellation of Domus Design's trademark.

Pursuant to Federal Rules of Procedure, where a counterclaim is asserted as part of the answer, the caption of the answer should so state, and it should be set forth as a separate part of the pleading since a reply thereto by plaintiff is mandatory only of the counterclaim is "denominated as such." Fed Rules of Civ. Proc Rule 7(a). Failure to label a counterclaim may excuse the duty to reply to it. Id. A responsive pleading is required only where the claim is denominated as such. Id.

Neither the caption nor the footer of the Answer state that said document contains a Counterclaim as required by FRCP 7(a). The seven paragraphs containing allegations under the heading "Counterclaim" are buried within the Answer and are numbered as a continuation of the Answer, rather than as a stand-alone Counterclaim.

Since the responsive pleading filed by Defendant on January 15, 2007 is not "denominated" as a Counterclaim as required by FRCP 7(a), Domus Design respectfully requests the Court to excuse its duty to reply to the Counterclaim.

If the Court does not excuse Domus Design's duty to respond to the Counterclaim, Plaintiff, by and through its undersigned counsel, states its Reply to what Plaintiff believes Defendant intended as its Counterclaim as follows:

## **COUNTERCLAIM**

1. Domus Design does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 72 of the Counterclaimant's Answer (hereinafter "Counterclaim"), and on that basis denies each and every allegation contained therein.

2. Domus Design does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 73 of the Counterclaim, and on that basis denies each and every allegation contained therein.

//

3. Domus Design does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 74 of the Counterclaim, and on that basis denies each and every allegation contained therein.

4. Domus Design does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 75 of the Counterclaim, and on that basis denies each and every allegation contained therein.

5. Domus Design does not have sufficient information to form a belief as to the truth of the allegations contained in Paragraph 76 of the Counterclaim, and on that basis denies each and every allegation contained therein.

6. Domus Design denies that Counterclaimant has any common law rights whatsoever in the trademark DOMUS DESIGN GROUP. Domus Design does not have sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 77 of the Counterclaim, and on that basis denies each and every remaining allegation contained therein.

7. Domus Design denies all allegations contained in Paragraph 78 of the Counterclaim.

8. Domus Design denies all allegations contained in Paragraph 78 of the Counterclaim.

**PRAYER FOR RELIEF**

Domus Design denies that Counterclaimant is entitled to any relief on the pleaded cause of action in its Counterclaim.

**AFFIRMATIVE DEFENSES**

By way of further defenses, Domus Design asserts the following, which apply to each and every claim asserted in the Counterclaim, unless stated otherwise herein. By virtue of alleging these further defenses, Domus Design does not assume any burden of proof, persuasion or production otherwise legally assigned to it.

**FIRST AFFIRMATIVE DEFENSE**

1. The Counterclaim fails to state facts sufficient to constitute any cause of action against this answering Counter-Defendant.

//

//

**SECOND AFFIRMATIVE DEFENSE**

2. The Counter-Defendant is informed and believes, and on that basis alleges, that the Counterclaimant's claims against this answering Counter-Defendant are barred by the applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

3. The Counter-Defendant is informed and believes, and on that basis alleges, that any injuries suffered by the Counterclaimant were not legally caused by any act or omission on the part of this answering Counter-Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

4. The Counter-Defendant is informed and believes, and on that basis alleges, that the injuries allegedly suffered by the Counterclaimant, if any, were proximately caused, in whole or in part, by the Counterclaimant's own negligence, recklessness, fault, and/or other wrongful acts.

**FIFTH AFFIRMATIVE DEFENSE**

5. The Counter-Defendant is informed and believes, and on that basis alleges, that the Counterclaimant's claims are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

6. The Counter-Defendant is informed and believes, and on that basis alleges, that the Counterclaimant's claims are barred by the equitable doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The Counter-Defendant is informed and believes, and on that basis alleges, that the Counterclaimant's claims are barred by waiver and consent.

**EIGHTH AFFIRMATIVE DEFENSE**

8. The Counterclaimant is not entitled to injunction, cancellation or any other equitable remedies because the Counterclaimant has an adequate remedy at law.

**NINTH AFFIRMATIVE DEFENSE**

9. The Counter-Defendant is informed and believes, and on that basis alleges, that purported obligations of this answering Counter-Defendant, if any, are subject to a right of indemnification by third parties.

**TENTH AFFIRMATIVE DEFENSE**

10. The Counter-Defendant is informed and believes, and on that basis alleges, that the Counterclaimant's claims are barred by the equitable doctrine of estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The Counter-Defendant owns the common law trademark "DOMUS DESIGN GROUP," as well as a federally valid registration of a variation of such mark, has valid and existing rights in the mark, and is the senior user of the mark.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The Counterclaimant has acquiesced in each and every alleged act and omission of the Counter-Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The Counter-Defendant is informed and believes, and on that basis alleges, that the Counterclaimant does not own any common law rights in the alleged trademark.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. The Counter-Defendant's use of its mark is not likely to cause confusion, mistake, or deception as to affiliation, connection, association, or source.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Any and all acts of the Counter-Defendant have been committed with a good faith belief that it had the legal right to use the mark at issue, without any knowledge that such mark was intended to be used to cause confusion, or to cause mistake, or to deceive.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. The Counter-Defendant is not entitled to an award of attorney's fees on its Counterclaim.

//
//
//
//
//

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. The Counter-Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. The Counter-Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

Date: February 4, 2008

_____/s/_____
Milla L. Lvovich, Esq.
LVOVICH & VOLCHEGURSKY, LLP
Attorney for Plaintiff and Counter-Defendant

**DEMAND FOR JURY TRIAL**

The Counter-Defendant hereby demands a jury trial for all issues triable by a jury.

Date: February 4, 2008

_____/s/_____
Milla L. Lvovich, Esq.
LVOVICH & VOLCHEGURSKY, LLP
Attorney for Plaintiff and Counter-Defendant